IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JANE KNIGHT,**

**Plaintiff,**

**v.**

**ALFA LEISURE, INC.,**

**Defendant and Third-Party Plaintiff,**

**v.**

**TRIMARK CORPORATION et al.,**

**Third-Party Defendants.**                                    **No. 05-CV-00245-DRH**

<u>**ORDER**</u>

**HERNDON, District Judge:**

This matter comes before the Court on Third-Party Defendant Trimark Corporation's ("Trimark") motion for summary judgment. (Doc. 103.) Defendant/Third-Party Plaintiff Alfa Leisure ("Alfa Leisure") defends against the motion solely on the grounds that the motion is premature because Alfa Leisure had not had the opportunity to depose a number of fact and expert witnesses. (Doc. 109.) Alfa Leisure attached an affidavit of James Patton, Director of Human Resources for Alfa Leisure, in support of its response. (Doc. 109-3.) Although Alfa Leisure does not explicitly request a continuance, the Court construes Alfa Leisure's response as a request for additional time pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(f)**.

The Court finds Alfa Leisure's argument that the motion is premature

weak, at best. Alfa Leisure filed its Third-Party Complaint against Trimark on September 13, 2005; however, the case had been pending for some time even before that.[1] In addition, Alfa Leisure had had a copy of the report of Milton Meckler, Plaintiff's expert whom Alfa Leisure claims it needed more time to depose, since around November 15, 2005 - nearly 9 months prior to Trimark's motion for summary judgment. Mr. Patton's affidavit offers no explanation as to why Mr. Meckler had not been deposed at that time or any suggestion of when Mr. Meckler's deposition would occur. It is difficult for the Court to understand why Alfa Leisure would not have made it a priority to depose Mr. Meckler if it believed that Mr. Meckler would provide testimony in support of its Third-Party Complaint against Trimark.

Because Alfa Leisure failed to properly request additional time to respond to the motion in order to conduct discovery, the Court is inclined to grant Trimark's motion. However, the Court, in an effort to ensure that all parties have had a sufficient opportunity to brief the motion, instead **DIRECTS** Alfa Leisure to file a supplemental response no later than **March 2, 2007.** Trimark will then be allowed to file a supplemental reply by **March 16, 2007**. If Alfa Leisure fails to file a supplemental response by this deadline, the Court will consider it an admission of

---

[1] This case was originally filed on September 15, 2003 in the Circuit Court of Madison County, Illinois. Defendant Alfa Leisure removed the case to this Court on December 12, 2003 (case number 03-cv-840-MJR). Pursuant to a joint stipulation, the case was voluntarily dismissed without prejudice on October 19, 2004. Plaintiff then re-filed on March 16, 2005, again in the Circuit Court of Madison County, Illinois. Defendant, once again, removed the case to this Court on April 7, 2005.

the merits of Trimark's motion and grant summary judgment in Trimark's favor. In addition, the Court reminds Alfa Leisure that it must show through *specific evidence*, not mere allegations, that an issue of fact remains on matters for which it bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd***, 51 F.3d 276** (citing **Celotex, 477 U.S. at 324**). Alfa Leisure's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

    **IT IS SO ORDERED.**

Signed this 9th day of February, 2007.

        /s/      David   RHerndon
    **United States District Judge**